**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**


JAMES JOSEPH KRIVACSKA,              :
                                                        Civil Action No. 11-3729 (FLW)
                    Petitioner,        :

          v.                          :      **OPINION**

GARY LANIGAN,                         :

                    Respondent.        :


**APPEARANCES:**

Petitioner pro se
James Joseph Krivacska
SBI 1061128C/03054
8L
Adult Diagnostic & Treatment Center
8 Production Way
Avenel, NJ 07001

Counsel for Respondents
Mary R. Juliano
Monmouth County Prosecutor's Office
Monmouth County Court House
71 Monument Park
Freehold, NJ 07728-1261


**WOLFSON**, District Judge

        Petitioner James Joseph Krivacska ("Petitioner"), a prisoner

currently confined at the Adult Diagnostic & Treatment Center,

has submitted a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  The respondent is Gary Lanigan.

        For the reasons stated herein, the Petition must be denied.

## I.  BACKGROUND

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[1]  "[Krivacska] was tried by a jury for sexual offenses against two thirteen-year-old mentally challenged boys, referred to as T.A. and M.B. He was convicted of one count of first-degree aggravated assault (M.B.), N.J.S.A. 2C:14-2a(2); two counts of second-degree child endangerment (T.A. and M.B.), N.J.S.A. 2C:24-4a; and two counts of third-degree aggravated criminal sexual contact, (T.A. and M.B.) N.J.S.A. 2C:47-1 to 10."[2]  That court excerpted a large segment of relevant facts, taken from its earlier opinion, which this Court will incorporate here for the sake of brevity.

The subsequent procedural history is as follows[3]: Defendant appealed the judgment of conviction, which was affirmed by the Appellate Division in an opinion dated April 23, 2001.  The Supreme Court of New Jersey denied certification, and his petition for certiorari was denied by the United States Supreme

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

[2] Answer, Ex. #59, Opinion of Appellate Division at 1 (November 20, 2009).

[3] See Answer, Ex. #59, Opinion of Appellate Division at 11-21, 45 (November 20, 2009).

Court.  Defendant filed his petition for post conviction relief

(PCR).  PCR was denied as to all issues, and the Appellate

Division affirmed.

Petitioner asserts the following ground for relief:

(1) "GROUND ONE: Admission of TA/MB's Wholly Unreliable
    Testimony, and MB's Incompetent Testimony, Individually and
    Cumulatively, Violated Federal Due Process, Rendering Trial
    Fundamentally Unfair."
(2) "GROUND TWO: Erroneous Admission and Reliance Upon
    Unvalidated Expert Testimony in Determination of
    Admissibility of TA/MB's Testimony Violated Federal Due
    Process."
(3) "GROUND THREE: Defendant was denied effective assistance of
    counsel in violation of the Sixth Amendment at Pre-trial
    Competency/Michaels' hearing and at trial."
(4) "GROUND FOUR: Denial of access to TA/MB's school records
    which were relevant and material to defense, violated
    federal due process and Confrontation Clause guarantees."
(5) "GROUND FIVE: Reasonable Probability That Outcome of Pre-
    Trial Hearing As To TA/MB's Reliability Would Be Different
    Based on Newly Discovered Evidence (NDE) Disapproving
    Validity of Expert Hall's Methods."
(6) "GROUND SIX: Cumulative Effect of Counsel's Errors and
    Cumulative Effect of Constitutional Violations (Ineffective
    Assistance, Due Process, Confrontation Clause and Brady
    Claims) Violated Constitutional Rights and Had
    Substantial/Injurious Effect on Jury Verdict."[4]

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent

part:

> The Supreme Court, a Justice thereof, a circuit judge,
> or a district court shall entertain an application for
> a writ of habeas corpus in behalf of a person in
> custody pursuant to the judgment of a State court only

---

[4] See Petition, docket entry no. 1.  Any grammatical or
spelling errors are Petitioner's own.

3

on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

With respect to any claim adjudicated on the merits in state
court proceedings, the writ shall not issue unless the
adjudication of the claim

(1) resulted in a decision that was contrary to,
or involved an unreasonable application of, clearly
established Federal law, as determined by the Supreme
Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court
precedent "if the state court applies a rule that contradicts the
governing law set forth in [Supreme Court] cases," or "if the
state court confronts a set of facts that are materially
indistinguishable from a decision of th[e] Court and nevertheless
arrives at a result different from [the Court's] precedent."
Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J.,
for the Court, Part II).  A state court decision "involve[s] an
unreasonable application" of federal law "if the state court
identifies the correct governing legal rule from [the Supreme]
Court's cases but unreasonably applies it to the facts of the
particular state prisoner's case," and may involve an
"unreasonable application" of federal law "if the state court

4

either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter). Id. at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of

tolerance.  <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998);
<u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989).

III.   <u>ANALYSIS</u>

A.   <u>State Court Evidentiary Issues (Ground One, Two, Four, Five)</u>

Petitioner claims that the trial court erred with respect to
admission of T.A. and M.B.'s testimony, admission of expert
testimony regarding admission of T.A. and M.B.'s testimony,
denial of access to T.A. and M.B.'s school records, and exclusion
of additional expert reports from the pre-trial hearing.

It is well-established that the violation of a right created
by state law is not cognizable as a basis for federal habeas
relief.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("We have
stated many times that 'federal habeas corpus relief does not lie
for errors of state law.'" (quoting <u>Lewis v. Jeffers</u>, 497 U.S.
764, 680 (1990))).  Accordingly, Petitioner cannot obtain relief
for any errors in state law evidentiary rulings, unless they rise
to the level of a deprivation of due process.  <u>Estelle</u>, 502 U.S.
at 70 ("'the Due Process Clause guarantees fundamental elements
of fairness in a criminal trial'") (quoting <u>Spencer v. Texas</u>, 385
U.S. 554, 563-64 (1967).

For a habeas petitioner to prevail on a claim that an
evidentiary error amounted to a deprivation of due process, he
must show that the error was so pervasive as to have denied him a

fundamentally fair trial.  See Keller v. Larkins, 251 F.3d. 408, 413 (3d Cir. 2001).  Petitioner has made no such showing here.

The Appellate Division addressed and rejected each of the claims Petitioner has made regarding evidentiary error.

As to the claims regardng T.A. and M.B.'s competence to testify, the Appellate Division stated:

> We now address the pivotal question whether the judge erred by finding T.A. and M.B. competent to testify.  [...] [E]very person is presumed competent to testify.  State v. Scherzer, 301 N.J. Super. at 463.  Disqualification "is the exception to the general rule of witness competency."  Ibid. The determination of whether a person is competent to serve as a witness lies within the discretion of the court.  State v. R.W., 104 N.J. at 19 (citing State v. Butler, 27 N.J. 560, 602 (1985); State v. Gambutti, 36 N.J. Super. at 223).
>
> Our Supreme Court has said that "[t]he broad reliance on the discretion of the trial court and the standards governing individual competency determinations do not change when the proposed witness is youthful."  Id. at 20; see also State in the Interest of R.R., 79 N.J. 97, 112-113 (1979). The same rules apply in determining the competency of individuals afflicted by mental retardation or mental illness.  See State v. Scherzer, 301 N.J. Super. at 463.
>
> Applying these principles, we discern no sound basis to disturb the trial judge's decision.  In reaching this conclusion, we have considered the fact that M.B. apparently fabricated rather freely in portions of his trial testimony. M.B. testified at some length to an imaginary conversation he allegedly had with T.A. at the Center's playground. Defendant emphasizes that this fictitious conversation evidenced M.B.'s inability to distinguish truth from fantasy.  The fact remains, however, that both T.A. and M.B. were adjudged to be competent based upon substantial, credible evidence presented at the competency hearing.  That M.B. subsequently fabricated an event that in fact did not occur was a matter for the jury's consideration.[5]

---

[5]Answer, Ex. #43, Opinion of Appellate Division at 37-38 (April 23, 2009).

Regarding the trial court's consideration of unvalidated expert testimony of Dr. Witt with respect to T.A. and M.B.'s competence to testify, the Appellate Division stated:

> That leads us to defendant's claim that the trial judge erred by admitting, and relying upon, Dr. Hall's expert testimony concerning question of taint. In support of his argument, defendant asserts that Hall "used an idiosyncratic clinical approach to conclude that T.A. and M.B. were reliable because they resisted the suggestions" contained in several of the questions propounded. (Footnote omitted.) We note that Hall had substantial experience in questioning victims of sexual abuse. Her reliance upon the alleged victims' refusal to bend their answers to meet the suggestions advanced in their interviewers' inquiries would seem to comport with common sense and common experience. In any event, Hall's testimony was of a nature to assist the judge in understanding whether the victims' statements and trial accounts were reliable or contaminated. See N.J.R.E. 702. We conclude that her testimony: (1) concerned a subject beyond the ken of the average person, (2) pertained to a field of inquiry that was sufficiently reliable, and (3) fell within the purview of the witness's expertise. State v. Kelly, 97 N.J. 178, 208 (1984).

> There is no question but that T.A. and M.B. were not ideal witnesses. So too, it is plain that several of those who interviewed the alleged victims were less than sensitive in the techniques they employed. We are nonetheless entirely satisfied that the trial judge was not wide of the mark in his essential finding that T.A. and M.B. retained their ability to give a full and fair account of what happened to them in their private sessions with defendant.

> [...]

> We recognize the deficiencies in Witt's qualifications. We are nevertheless satisfied that the trial judge properly exercised his discretion in determining that Will was qualified to testify as an expert witness. The sufficiency of a proposed expert's qualifications is a matter best left to a trial court's discretion, and is to be reversed only

for manifest error.  (Citations omitted.)  We perceive no abuse of the judge's discretionary powers here.[6]

As to the denial of access to T.A. and M.B.'s school records, the Appellate Court noted:

> We add for the sake of completeness that the judge's denial of defendant's pretrial motion to examine the alleged victim's school records was not violative of the right of confrontation.  A child's school records are confidential, and access to their contents is limited.  See N.J.A.C. 6:3-6.4, -6.5; N.J.A.C. 6A:14-2.9.  Under some circumstances, a defendant's right of confrontation may trump a juvenile witness's right of privacy.  See, e.g., Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).  We assume, therefore, that school records relevant to the issue of competency of a child witness should be disclosed to a defendant upon a showing of particularized need.

> This much conceded, "allowing a defendant to forage for evidence is not an ingredient of either due process or fundamental fairness in the administration of criminal laws."  State v. R.W., 104 N.J. 14, 28 (1986).  The Confrontation Clause is not a constitutionally compelled right to discovery in a criminal case.  Pennsylvania v. Richie, 480 U.S. 39, 52-53, 107 S.Ct. 989, 999, 94 L.Ed.2d 40, 54 (1987).  It does not require disclosure of any and all information that perhaps might be useful in contradicting unfavorable testimony.  Ibid.; see also State v. Harris, 316 N.J.Super. 384, 397-98 (App. Div. 1998).

> We are convinced that the trial judge properly balanced the alleged victims' right to privacy with defendant's right of confrontation by examining the school records in camera.  This procedure has been recommended by the Supreme Court, see State v. Boiardo, 82 N.J. 446, 467 (1980), and by this court, (citations omitted), in a wide variety of factual settings.  The judge correctly applied that procedure here.

> Within that context, we find no merit in defendant's claim that only an expert would know what to look for in the school files of the alleged victims.  The judge was fully aware of the factual and legal issues raised, and had the

---

[6]Answer, Ex. #43, Opinion of Appellate Division at 27-28 and 33 (April 23, 2009).

ability to make reasoned decisions concerning what was relevant and what was not. We thus find no constitutional violation.[7]

Finally, as to the two expert reports which Petitioner has characterized as "newly discovered evidence" (these reports were apparently based on additional research conducted after the trial), the Appellate Division noted that "if such proofs were available, defendant would not be entitled to the new trial he now requests inasmuch as he has failed to establish how this evidence could not have been discovered before trial by the exercise of reasonable diligence."[8]

Thus, the Court does not find that Petitioner was deprived of due process with respect to any of the issues discussed in this section. The decision of the Appellate Division is neither contrary to, nor an unreasonable application of, clearly established federal law, nor is it a decision based on an unreasonable determination of the facts in light of the evidence presented.

Furthermore, Petitioner has not pointed this Court to any precedent in support of his position that the trial court erred in the above referenced instances. Therefore, all grounds

---

[7]Answer, Ex. #43, Opinion of Appellate Division at 35-37 (April 23, 2009).

[8]Answer, Ex. #59, Opinion of Appellate Division at 28-29 (November 20, 2009).

related to trial court error will be denied as Petitioner is not
entitled to relief on these grounds.

B.    Ineffective Assistance of Trial Counsel (Ground Three)

In the third ground raised in the Petition, Petitioner
argues that he was denied effective assistance of counsel at the
pretrial competency hearing conducted pursuant to State v.
Michaels, 136 N.J. 299, 642 A.2d 1372 (N.J. 1994), and also at
trial.  Specifically, Petitioner alleges that trial counsel
failed to consult experts regarding the methodology of the
State's expert witnesses regarding victims' competence to testify
at trial, failed to challenge the victims' testimony at the
Michaels hearing, failed to cross-examine victim M.B. regarding
prior inconsistent statements, and failed to request certain jury
instructions as to "other crimes" evidence.

The Counsel Clause of the Sixth Amendment provides that a
criminal defendant "shall enjoy the right ... to have the
Assistance of Counsel for his defence."  U.S. Const. amend. VI.
The right to counsel is "the right to effective assistance of
counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)
(emphasis added).

To prevail on a claim of ineffective assistance of counsel,
a habeas petitioner must show both that his counsel's performance
fell below an objective standard of reasonable professional
assistance and that there is a reasonable probability that, but

11

for counsel's unprofessional errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland at 694.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."  Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.  If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of

counsel's errors prejudiced the defendant within the meaning of Strickland.  See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

As to the issue of ineffective assistance of counsel, the Superior Court of New Jersey Appellate Division noted that the PCR court rejected Petitioner's assertions that trial counsel was ineffective with respect to, including but not limited to, the issues raised in the instant Petition, and found that none of the issues raised by Petitioner in his challenge to the PCR division warranted reversal of the PCR court's determination.  The Appellate court cited to Strickland, noting that "[i]t is axiomatic that in order for defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial."[9]

Here, the state court decisions were neither contrary to, nor involved an unreasonable application of, clearly established federal law, nor were they based upon an unreasonable determination of the facts in light of the evidence presented. Thus, Petitioner is not entitled to relief on this claim.

---

[9]Answer, Ex. #59, Opinion of Appellate Division at 25 (November 20, 2009).

13

C.   <u>Cumulative Errors (Ground Six)</u>

In his last ground for relief, Petitioner argues that the cumulative effect of errors violated his constitutional rights and had a detrimental effect on the jury verdict.  The test for a "cumulative error" claim is whether the overall deficiencies "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  <u>See</u> <u>Hein v. Sullivan</u>, 601 F.3d 897, 917 (9th Cir. 2010)(relying on <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1794); <u>see also</u> <u>Fahy v. Horn</u>, 516 F.3d 169, 205 (3d Cir. 2008)("Cumulative errors are not harmless if they had a substantial and injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish 'actual prejudice'").

Petitioner raised his cumulative error claim in his state PCR proceedings.  Because the PCR court found no merit to any of Petitioner's claims for post-conviction relief, there is no basis or merit for habeas relief based upon an alleged accumulation of errors which did not exist.

In addition, Petitioner does not make any assertions that would suggest actual prejudice.  After careful consideration of the state court record, this Court cannot find any aspect of Petitioner's criminal proceedings suggesting prejudice.  Accordingly, this claim does not merit habeas relief, since the

14

state court's dismissal of Petitioner's cumulative error argument was not an unreasonable application of Supreme Court precedent.

### IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  No certificate of appealability shall issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


  /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated:  September 25, 2012

15